JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 14-1080-JLS (DFMx)                              Date:  November 12, 2014
Title:  The People of the State of California v. Purdue Pharma L.P. et al.


Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                                 N/A
    Deputy Clerk                                                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                                   Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
                                MOTION TO REMAND (Doc. 25)**

     Before the Court is a Motion to Remand filed by Plaintiff The People of the State of California.  (Doc. 25.)  Defendants opposed, and Plaintiff replied.  (Docs. 47, 49.)  Having considered the briefs and taken the matter under submission, the Court GRANTS the Motion to Remand.

**I.     INTRODUCTION**

     On May 21, 2014, the People of the State of California, by and through the Orange County District Attorney and Santa Clara County Counsel, filed suit in Orange County Superior Court against Defendants, a host of pharmaceutical manufacturers.  (Doc. 1, Ex. A.)  On June 9, 2014, Plaintiff filed the operative First Amended Complaint.  (FAC, Doc. 1, Ex. B.)  Plaintiff alleges Defendants have deceptively marketed "opioid" pharmaceuticals in violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*., and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.  (FAC ¶¶ 264-277.)  Plaintiff further alleges Defendants' deceptive marketing has led to an "epidemic" of opioid abuse, constituting a public nuisance under Cal. Civ. Code § 3479 *et seq*.  (FAC ¶¶ 289-301.)
     On July 11, 2014, Defendants removed the matter to this Court on the basis of diversity jurisdiction.  (Doc. 1.)  On August 11, 2014, the People filed the instant Motion.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-1080-JLS (DFMx)                                Date:  November 12, 2014
Title:  The People of the State of California v. Purdue Pharma L.P. et al.

## II.   LEGAL STANDARD

When reviewing a notice of removal, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d676, 684 (9th Cir. 2006)) (quotation marks omitted) (alterations in original).  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

## III.  DISCUSSION

A district court may exercise diversity jurisdiction over a case where (1) more than $75,000 is in controversy and (2) all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  The Court agrees with the parties that more than $75,000 is in controversy. (*See* Notice of Removal ¶ 11; Mot., Doc. 25, at 5 n.1.)  Therefore, the Court considers whether diversity exists in this matter.
A court ordinarily looks to the face of the complaint to determine whether diversity of citizenship exists.  *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Here, the FAC shows the Plaintiff is the People of the State of California.  A state is not a citizen of itself and thus cannot be party to a diversity action.  *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970.)  Therefore, looking to the face of the complaint, diversity jurisdiction does not appear to exist in this matter.
Nevertheless, "the mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy." *Ex parte Nebraska*, 209 U.S. 436, 444 (1908).  Instead, a court must "look behind the pleadings" and identify the "real party in interest" in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1080-JLS (DFMx)                     Date: November 12, 2014

Title: The People of the State of California v. Purdue Pharma L.P. et al.

lawsuit. *Miss. ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014) (citing *Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183 U.S. 53, 54 (1901)). Defendants assert that the real parties in interest are Orange and Santa Clara Counties and that, as a result, diversity of citizenship exists. *See Moor v. Cnty of Alameda*, 411 U.S. 693, 719-21 (1973) (holding that a California county is a citizen of the State for purposes of diversity jurisdiction). Two recent Ninth Circuit decisions guide the Court's inquiry on this point: *Department of Fair Employment and Housing v. Lucent Technologies, Inc.*, 642 F.3d 728 (9th Cir. 2011), and *Nevada v. Bank of America*, 672 F.3d 661 (9th Cir. 2012).

      In *Lucent*, the Court considered the real party in interest in a suit brought by the California Department of Fair Employment and Housing on behalf of an employee who alleged he had been wrongfully terminated by the defendant. 642 F.3d at 735. The Court noted that while California's Fair Employment and Housing Act established that the State had an interest in protecting its citizens from employment discrimination, that interest was too "general" to render the State an interested party in the controversy. *Id*. at 738. Moreover, the State largely sought remedies – reinstatement and compensatory and punitive damages – that were also available to the worker and benefited only him, not the state. *Id*. at 739. While the state sought some relief unique to it – namely the retraining of defendant's employees – the Court held that viewing the "essential nature and effect of the proceeding as it appears from the entire record," this was "tangential" to the relief sought for the employee and did not give the state an interest in the controversy. *Id*. at 739-40. Accordingly, the aggrieved worker, not the DFEH, was the real party in interest. *Id*. at 740.

      In *Nevada*, the Court considered the same issue after the State of Nevada's Attorney General sued Bank of America for allegedly misleading consumers about mortgage and foreclosure procedures in violation of Nevada's consumer protection law. 672 F.3d at 665. The Court noted that, unlike the "general" law enforcement interest California asserted in the *Lucent* case, the State of Nevada had been "particularly hard hit" economically and socially by the mortgage crisis, giving it a "specific, concrete interest" in the case's outcome. *Id*. at 670. Moreover, unlike in *Lucent*, the State sought "substantial relief available to it alone," including civil penalties and injunctive relief that

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-1080-JLS (DFMx) | Date: November 12, 2014 |

Title: The People of the State of California v. Purdue Pharma L.P. et al.

was subject to a lesser evidentiary standard than for private individuals. *Id*. at 671. While Nevada additionally sought restitution for affected consumers, the Court found the State's "sovereign interest in protecting its citizens and economy from deceptive mortgage practices is not diminished merely because it . . . tacked on" a claim for restitution. *Id*. Examining the "essential nature and effect of the proceeding as it appears from the entire record," the Court found Nevada was the real party in interest. *Id*. at 672.

*Lucent* and *Nevada* compel the conclusion that the People of the State of California – and therefore the State itself – are the real party in interest in this case. UCL and FAL actions brought by local prosecutors are brought "in the name of the people of the State of California." Cal. Bus. & Prof. Code §§ 17204, 17535. And as the substantive state law makes clear, *see Lucent*, 642 F.3d at 738, the "'People of the State' and 'The State' [are] descriptive of the same sovereignty." *People by & Through Dep't of Pub. Works v. Glen Arms Estate, Inc.*, 230 Cal. App. 2d 841, 854 n.10 (Cal. Ct. App. 1964) (citation omitted); *see also People of State of Cal. v. Steelcase Inc.*, 792 F. Supp. 84, 86 (C.D. Cal. 1992) (Tashima, J.), *abrogated on other grounds as recognized in Cal. ex rel. Lockyer v Dynergy, Inc.*, 375 F.3d 831 (9th Cir. 2004) ("The People are the same party as the State of California . . . and the district attorney has the authority to bind the State."). Public nuisance actions are similarly brought on the People's behalf. *See People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1109 (Cal. 1997) (noting that public nuisance actions are brought to vindicate "the community's exercise and enjoyment of rights common to the public"); *People v. Lim*, 18 Cal. 2d 872, 877 (Cal. 1941) (noting that such actions are "on behalf of the state"). Thus, under California law, Orange and Santa Clara Counties are "only . . . formal part[ies] to the proceeding. . . . conduit[s] upon which the real party is tied to this suit – namely the State of California." *Cnty. of Santa Clara ex rel. Marquez v. Bristol Myers Squibb Co.*, 5:12-CV-03256-EJD, 2012 WL 4189126 (N.D. Cal. Sept. 17, 2012).

Nor is the State's interest in the outcome of this case remote. The FAC alleges Defendants have created an "epidemic" jeopardizing the health and safety of all Californians – both through direct harm to opioid users and indirect harm to communities in the form of increased crime rates, hospital utilization, joblessness and broken families. (FAC ¶¶ 252-263.) California's interest in ending this alleged state of affairs is a far cry

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-1080-JLS (DFMx)                                              Date:  November 12, 2014

Title:  The People of the State of California v. Purdue Pharma L.P. et al.

from the "general governmental interest[s]" present in *Lucent* and much more akin to the "specific, concrete" interest the State of Nevada had in remedying the wide-ranging effects of the mortgage and foreclosure crisis in *Nevada*.  672 F.3d at 670.

      The relief sought in this case also compels the conclusion that the State of California is the real party in interest.  As in *Nevada*, Plaintiff seeks remedies available only to it – civil penalties under the UCL and FAL, *see* Cal. Bus. & Prof. Code §§ 17206(a), 17536(a), and abatement of a public nuisance which, by definition, is limited to governmental actors.  *See* Cal. Civ. Code § 3480.  Also as in *Nevada*, Plaintiff seeks injunctive relief that is subject to a lesser evidentiary standard than for private individuals.  *See* Cal. Bus. & Prof. Code §§ 17204, 17535; *Nevada*, 672 F.3d at 671.  While Defendants note that civil penalties paid under the UCL and FAL will go to the Orange and Santa Clara County treasuries – not to the State – this is immaterial in light of the fact that any recovery may be used only for the future enforcement of California's consumer protection laws, thereby furthering the interests of the State, not the Counties.  *See People v. Pac. Land Research Co.*, 20 Cal. 3d 10, 17 (Cal. 1977) (holding that a consumer protection action brought by the People seeking civil penalties and injunctive relief is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties").

      Defendants offer several arguments in response; none are persuasive.  Defendants first point to a century-old Supreme Court decision purporting to hold that a state is the real party in interest only if "the relief sought . . . inures to it *alone* . . . ."  *Missouri, K. & T. Ry. Co. v. Hickman*, 183 U.S. 53, 59 (1901) (emphasis added).  Defendants argue that because the People seek restitution for individual consumers, this requirement is not satisfied.  "However, the implications of a literal application of *Missouri Railway* have been considered – and rejected" – in similar cases.  *See People of California v. Universal Syndications, Inc.*, C 09-1186 JF(PVT), 2009 WL 1689651, *4 (N.D. Cal. June 16, 2009) (collecting cases).  Indeed, literal application of this language would raise serious questions about the Ninth Circuit's decision in *Nevada*, where restitution was also sought on behalf of individual consumers.  The prevailing approach is to instead ask whether the state has a "substantial interest" in the case.  *Id*. at *5.  For the reasons already noted, here the State undoubtedly does.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-1080-JLS (DFMx)                                              Date:  November 12, 2014
Title:  The People of the State of California v. Purdue Pharma L.P. et al.

Defendants next argue that because county prosecutors are authorized to abate public nuisances only within their jurisdictions, *see* Cal. Civ. Proc. Code § 731, the real party in interest in a nuisance abatement action is necessarily the county itself.  However, Defendants do not dispute the clear teaching of California law that, whatever jurisdictional limitations exist on the prosecutor *bringing* the nuisance action, it is brought on *behalf* of the People of the State, not the specific county that employs the prosecutor.  *See Lim*, 18 Cal. 2d at 876 (noting that actions to abate public nuisances are brought "on behalf of the state").  And as noted above, under California law, the "'People of the State' and 'The State' [are] descriptive of the same sovereignty."  *Glen Arms Estate, Inc.*, 230 Cal. App. 2d at 854.

Defendants finally argue that a 2007 settlement reached between the State of California's Attorney General and Purdue demonstrates that the Counties are the real parties in interest in this case, since they "proceed as if the State's settlement does not apply to them" and would not otherwise do so.  (Opp. at 17-18.)  But the fact of prior litigation, while perhaps of significance to other issues in this case, is irrelevant to the present determination of whether the State has a "real interest in the controversy."  *Ex parte Nebraska*, 209 U.S. at 444.

"[T]he defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.  Defendants have not met their burden in this case.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand.  This case is hereby remanded to Orange County Superior Court, Case No. 30-2014-00725287-CU-BT-CXC.

                                                                                Initials of Preparer:  tg